Anna Y. Park, CA SBN 164242
Nakkisa Akhavan, CA SBN 286260
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 785-3083
Facsimile:  (213) 894-1301
E-mail:  lado.legal@eeoc.gov

Eric Yau, HI SBN 10087
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 4-257
Honolulu, HI 96850
Telephone: (808) 800-2345
Facsimile: (808) 541-3390
E-mail: eric.yau@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> MEXICO RESTAURANT, INC. and Does 1-5 Inclusive, <br><br> Defendant(s). | Case No.: <br><br> **COMPLAINT—Title VII** <br> • **Harassment** <br> • **Retaliation** <br> • **Failure to Preserve Records** <br><br> **JURY TRIAL DEMAND** |

1

## <u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female), and/or race (White),  and retaliation and to provide appropriate relief to Charging Party ("Charging Party") and a class of similarly situated aggrieved individuals (collectively "Claimants") who were adversely affected by such practices.

Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendant Mexico Restaurant, Inc. ("Defendant") violated Title VII by subjecting Claimants to unlawful harassment based upon their sex (female), resulting in a hostile work environment.  The Commission further alleges that Defendant subjected Charging Party to ongoing sex(female) and/or race (White) harassment which led to her constructive discharge.  Charging Party was also subjected to retaliation and/or retaliatory harassment for participating and/or opposing the discriminatory employment practices which led to her constructive discharge.  Finally, EEOC alleges that Defendant failed to properly preserve records as required under Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,

1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to

Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the

Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were committed

within the jurisdiction of the United States District Court for the District of Hawaii.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is an

agency of the United States of America charged with the administration,

interpretation and enforcement of Title VII, and is expressly authorized to bring

this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1)

and (3).

4.      At all relevant times, Defendant Mexico Restaurant, Inc. has

continuously been a corporation doing business in the State of Hawaii and has

continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Mexico Restaurant, Inc. has

continuously been an employer engaged in an industry affecting commerce under

Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

6.     Defendant is a Hawaii corporation serving Mexican cuisine on the island of Oahu.

7.     In each calendar year from 2018 through the present, Defendant has continuously employed at least 15 employees.

8.     All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

9.     Plaintiff is ignorant of the true names and capacities of each Defendant sued as Does 1 through 5, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names.  Plaintiff reserves the right to amend the complaint to name each Doe defendant individually and collectively as they become known.  Plaintiff alleges that each Doe defendant was in some manner

responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## ADMINISTRATIVE PROCEDURES

10.     More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

11.     On June 9, 2022, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated Title VII. The Commission invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

12.     The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices and provide appropriate relief.

13.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission and on August 23, 2022, the Commission issued to Defendant a Notice of Failure of Conciliation.

14.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### Harassment

15.     Since at least January 2019, Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by subjecting the Claimants to ongoing sexual harassment that was severe or pervasive  by maintaining an offensive, abusive, intimidating hostile work environment because of sex (female).

      a.   Starting from January 2019, Claimants were subjected to frequent, ongoing, and unwelcome physical and/or verbal sexual harassment by a male co-worker. The harassment occurred on a weekly basis and included, but not limited to, the following:  massaging and touching of the women's shoulders and hands, unwanted touching, unwanted hugging, pressing his body against the women's bodies.  On one occasion, the male co-worker would pin the Charging Party against the refrigerator and tell her "we could really be something and should be together." The male co-worker also made frequent and inappropriate comments to Claimants, including requests for dates, comments about women's bodies, and persistent pressure to have a relationship with him.

b. Since at least 2019, Defendant knew or should have known of the hostile work environment. The sexually charged and inappropriate actions and comments by the male co-worker were ubiquitous, open, frequent, and consistent in nature.  Such behavior and comments were often within plain sight and earshot of Defendant's managers.

c. Since 2015, Charging Party was subjected to race harassment (White) in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). In addition to the sex harassment, the General Manager called Charging Party, on approximately a weekly basis, "white devil" and/or "you think you are special because you are white."

d. The harassment was unwelcome and sufficiently severe or pervasive to alter the terms and conditions of the Claimants' employment.

e. The Claimants opposed the harassment on multiple occasions, including complaining to Defendant's General Manager about the inappropriate conduct.  Charging Party also complained about the sex and/or race harassment.

f.  Despite having actual notice of the harassment described herein, Defendant failed to take prompt corrective and preventative measures to stop the harassing conduct.

g. As a result of Defendant's failure to take corrective and preventative

measures, the harassment continued unabated.

    h.   Due to the ongoing harassment and the failure by Defendant to take remedial measures, Charging Party was constructively discharged on or about October 2019.

16.    The effect of the practices complained of above has been to deprive the Claimants of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female) and for the Charging Party, sex and/or race.

17.    The unlawful employment practices complained of above were intentional and caused the Claimants to suffer pain and suffering.

18.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Claimants.

## Retaliation

19.    Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by subjecting the Charging Party to retaliation and/or retaliatory harassment.   Specifically:

    a.   Charging Party repeatedly complained about the unlawful sexual harassment to Defendant's General Manager.  After she complained, Charging Party was threatened with termination and was subjected to

retaliatory harassment.

b.  Charging Party also repeatedly complained about the General Manager's racial comments, culminating in a complaint to the owners in late 2018.

c.  Following Charging Party's numerous complaints, Defendant's General Manager subjected Charging Party to retaliation by threatening to terminate her and/or subjecting her to retaliatory harassment with intimidating comments like "You know you like it," "Why don't you grab his dick and see if he likes it…," and "you don't have to work here."

d.  The retaliation and/or persistent retaliatory harassment culminated in the Charging Party constructively discharging on or about October 2019.

20.    The effect of the practices complained of above has been to deprive the Charging Party of equal employment opportunities and otherwise adversely affects her status as an employee because of her engagement in protected activity in opposition to unlawful employment practices.

21.    The unlawful employment practices complained of above were intentional and caused the Charging Party to suffer pain and suffering.

22.    The unlawful employment practices complained of above were done

with malice or with reckless indifference to the federally protected rights of the Charging Party.

## Failure to Make and Preserve Records

23.    Finally, since at least 2018, Defendant has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed. Specifically, Defendant has failed to make or preserve personnel records and payroll records.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a);

B.    Order Defendant to institute and carry out policies, practices, and programs to ensure that it would not engage in further unlawful practices in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a);

C.    Order Defendant to make the Claimants whole by providing compensation for past and future pecuniary losses, including appropriate back pay

and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

D.    Order Defendant to make the Claimants whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including pain and suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

E.    Order Defendant to pay the Claimants punitive damages for its intentional, malicious, and reckless conduct described above in an amount to be determined at trial;

F.    Order Defendant to preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c);

G.    Award the Commission its costs of this action; and

H.    Grant such further relief as the Court deems necessary and proper in the public interest.

///

///

///

///

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its

Complaint.


Dated: September 29, 2022           Respectfully Submitted,

                                   GWENDOLYN YOUNG REAMS,
                                   Acting General Counsel
                                   Washington, DC

                                   CHRISTOPHER LAGE,
                                   Deputy General Counsel
                                   Washington, DC

                    By:     _____
                                   Anna Y. Park,
                                   Regional Attorney
                                   EEOC – Los Angeles District Office

                                   U.S. EQUAL EMPLOYMENT
                                   OPPORTUNITY COMMISSION